UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
AUG 31 2016
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| GREGORY GETZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CRAIG TUCKER, IN HIS OFFICIAL CAPACITY ) | CAUSE NO. |
| AS CHIEF OF POLICE OF RUSHVILLE, ) | |
| INDIANA, AND INDIVIDUALLY, ) | 1:16-cv-2331 TWP -MPB |
| ) | |
| ZANE FAW, INDIVIDUALLY ) | |
| AS A POLICE OFFICER FOR THE CITY OF ) | |
| RUSHVILLE, INDIANA, ) | |
| And CHARLES TATE, INDIVIDUALLY ) | |
| AS A POLICE OFFICER FOR THE CITY ) | |
| OF RUSHVILLE, INDIANA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

Plaintiff, Gregory Getz, by counsel, respectfully submits this Complaint and sets forth the following information:

### I. INTRODUCTION

Gregory Getz was battered by Officers Faw and Tate on April 6, 2015 after the Officers entered Getz' home without legal authority.

## II. JURISDICTION

This lawsuit arises under 42 U.S.C. §1983 to redress the deprivation of rights, privileges and immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

A tort claim notice encompassing the claims expressed herein was filed by Plaintiff, thereby satisfying Indiana Code § 34-13-3-8.

## III. VENUE

1. Venue is proper in the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. § 1391(b), which allows for an action to be brought in the district where the Defendants reside or in which the cause of action arose. This cause of action arose in Rush County, Indiana, which is in the Southern District of Indiana.

## IV. PARTIES

2. Plaintiff Gregory Getz is and was at all times relevant to this action a resident of the City of Rushville, County of Rush, State of Indiana.

3. Defendant Craig Tucker is the duly appointed Chief of Police of Rushville, Indiana. Defendant Tucker is being sued in his official capacity and individually. Chief Tucker has responsibility for the actions of his officers and his responsible for hiring, training, discipline of Officers Faw and Tate. Defendant Tucker was at all times relevant to this action the Chief of Police for the City of Rushville, Indiana, acting within the scope of his employment and under color of state law.

4. Defendant Faw was at all times relevant to this action a Police Officer for the City of Rushville, Indiana, acting within the scope of his employment and under color of state law. Defendant Faw is being sued in his individual capacity.

5. Defendant Tate was at all times relevant to this action a Police Officer for the City of Rushville, Indiana, acting within the scope of his employment and under color of state law. Defendant Tate is being sued in his individual capacity.

## V. ALLEGATIONS

6. Gregory Getz was 52-years-old and present in his home at 819 West 9th Street, Rushville, Indiana on or about April 6, 2015.

7. Officers Faw and Tate were dispatched to the area of West 9th Street and Spencer Avenue in Rushville, Indiana on April 6, 2015 on a complaint of dogs running at large in the neighborhood, and a possible dog bite complaint.

8. Officers Faw and Tate encountered Kimberly Akroyd who had placed two dogs owned by her and Greg Getz into Getz' car. Officers Faw and Tate believed Kimberly Akroyd was intoxicated and arrested her for Operating A Motor Vehicle While Intoxicated Endangering A Person on or near the home she shared with Getz.

9. Officers Faw and Tate desired to extract one of the dogs from Ms. Akroyd's car. Believing that Gregory Getz could assist them in the extrication of the dog, the officers went to Gregory Getz' residence at 819 West 9th Street.

10. Officer Tate knocked on the front door of the Getz residence. Getz did not respond to Tate's knocking. Officer Faw went to the back door of the Getz residence and entered the residence through an unlocked door. Officer Tate joined Officer Faw inside Getz' residence. The officers did not have a warrant or any legal authority to enter Getz' residence.

11. Officers Tate and Faw had conversation with Gregory Getz inside his home. The officers asked Getz to assist them in getting the dog out of Kimberly Akroyd's vehicle. Getz initially agreed to help the officers, then changed his mind when the officers became verbally abusive to him. Officers Tate and Faw physically assaulted Getz and then arrested him.

12. Officers Tate and Faw threw Getz down to the concrete floor of Getz' residence and caused physical injuries to him.

13. Gregory Getz was charged with Resisting Law Enforcement and Disorderly Conduct. He was taken to the Rush County Jail where he remained overnight until he bonded out of jail on April 7, 2015. His criminal case was ultimately dismissed by the State of Indiana.

14. One of the dogs in question, owned by Gregory Getz, was euthanized by officials of Rushville without any notice to or opportunity for Gregory Getz to contest this procedure.

15. Gregory Getz suffered physical injuries as the result of the conduct of Officers Faw and Tate and required surgery to repair a torn rotator cuff. Mr. Getz did and continues to suffer pain, and loss of strength in his shoulder.

16. Chief Tucker is the supervisor and commanding officer of Officers Faw and Tate. Chief Tucker is responsible for hiring, training and discipline of Officers Faw and Tate. Chief Tucker was deficient in his duties in hiring Officers Faw and Tate, and also deficient in training them to not enter private residences without lawful authority, and failing to discipline them for their illegal behavior toward Gregory Getz.

17. The City of Rushville is responsible for the wrongful conduct of Chief of Police Tucker, Officer Faw and Officer Tate under the doctrine of Respondeat Superior.

WHEREFORE, Plaintiff respectfully requests the following relief:

a. To award actual damages to Plaintiff to adequately compensate him for his injuries;

b. To award punitive damages against Defendants Tucker, Faw and Tate Greg so as to deter them and others in similar situations from like conduct;

c. To award Plaintiff the costs of this action, reasonable attorney fees, and all other relief which is proper and allowed under the law.

## JURY DEMAND

Plaintiff demands a trial by jury.

                                                  Respectfully submitted,

                                                  */s/ Michael K. Sutherlin*
                                                  Michael K. Sutherlin
                                                  Atty. No. 508-49

MICHAEL K. SUTHERLIN
P.O. Box 441095
Indianapolis, IN 46244-1095
Phone: (317) 634-6313
Fax:    (317) 631-8818
Email: msutherlin@gmail.com

                                                  */s/ Jack A. Tandy*
                                                  Jack A. Tandy
                                                  Atty. No. 1829-73

Jack A. Tandy
TANDY LAW, LLC
504 S. Harrison St.
Shelbyville, IN  46176
Phone: (317) 825-0880
Fax: (317) 398-0108
Email: jack@jacktandylaw.com